IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM RUSSELL SHAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:07cv00176 |
| | ) | |
| DAVIE COUNTY PUBLIC SCHOOLS, | ) | |
| DAVIE COUNTY BOARD OF | ) | |
| EDUCATION, CANDY POPLIN, and | ) | |
| STEVE LANE, Ed.D., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

SCHROEDER, District Judge.

Plaintiff William Russell Shaver, proceeding *pro se*, alleges that he was wrongfully terminated as a public high school bus driver on August 2, 2006, because he practices the Wicca religion and engaged in unspecified protected speech. Plaintiff names as Defendants (1) the Davie County Board of Education, (2) "Davie County Public Schools," (3) Candy Poplin, Executive Director of Human Resources for Davie County Schools, and (4) Steve Lane, Ed.D., Superintendent of Davie County Schools. He seeks recovery under Title VII, 42 U.S.C. § 2000e-1 through e-5 (2006), and the "First Amendment." Before the Court are Defendants' Motion to Dismiss on several bases pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Doc. 10), and Plaintiff's Motion to Amend Complaint pursuant to Rule 15(c), Fed. R. Civ. P. (Doc. 12). The motions are fully briefed and ready for decision.

## I. FACTS

The following facts are taken from Plaintiff's Complaint and are deemed to be true for purposes of these motions. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). Plaintiff was hired August 1, 2005, by "the Defendant" [sic] to be a high school bus driver and performed satisfactorily until he was terminated on August 2, 2006. (Doc. 2, ¶¶ 1, 2, 4 & 5) On that latter date, Plaintiff "was notified by letter during a meeting with the Principal, Asst. Principal, and Executive Director of Human Resources" that information on the "Myspace.com" Internet webpage and blog Plaintiff shared with his wife "'damaged' his position to be a role model at Davie High School and the school community." (Doc. 2, ¶¶ 5-6) Plaintiff's webpage reveals that he practices the Wicca religion and contains "several phrases," undisclosed in the Complaint, which Plaintiff alleges are "similar" to those displayed on school property and on school-sponsored webpages. (Doc. 2, ¶¶ 9-11) Plaintiff "appealed" his termination unsuccessfully to the Superintendent of the Davie County Schools and the Davie County Board of Education. (Doc. 2, ¶¶ 7-8) Plaintiff concedes he never filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 15, ¶ 4)

On April 26, 2007, Defendants moved to dismiss the Complaint for failure to state a claim, under Rule 12(b)(6), Fed. R. Civ. P., and on May 1, 2007, Plaintiff moved to amend his Complaint to add

2

a claim under "U.S.C. 103-160" on the ground that Defendants' Motion to Dismiss allegedly admits that Plaintiff was dismissed because of his wife's bisexuality. (Doc. 10)

**II. ANALYSIS**

A motion to dismiss for failure to state a claim is intended to test the legal sufficiency of the complaint. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). The court is not to decide if a plaintiff will ultimately prevail but, rather, whether he should even be allowed to present evidence of his claim. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). While the Complaint must be "liberally construed" in the light most favorable to the nonmoving party and allegations made therein taken as true, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969), and while a plaintiff need not plead detailed evidentiary facts, Bolding v. Holshouser, 575 F.2d 461, 464 (4th Cir. 1978), the court cannot ignore a clear failure in the pleading to allege any facts relevant to a claim, or the elements of a cognizable claim. See Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

**A. Plaintiff's Title VII Claim**

Plaintiff grounds his Title VII claim on his termination allegedly because of his religious beliefs. (Doc. 2, ¶ 9) Dettmer v. Landon, 799 F.2d 929, 931-32 (4th Cir. 1986) (Church of Wicca recognized as religion). Defendants point out that Plaintiff has failed to allege he exhausted his administrative remedies with the

EEOC before filing this action, a prerequisite to adjudication in the federal courts.

Under Title VII, a plaintiff must allege "facts sufficient to state all the elements of [his] claim." Jordan v. Alternative Res. Corp., 458 F.3d 332, 346 (4th Cir. 2006); accord Gladden v. Winston-Salem State Univ., 495 F. Supp. 2d 517, 520-21 (M.D.N.C. 2007). Plaintiff's Complaint is silent as to whether he filed a written charge of discrimination with the EEOC, and Plaintiff admits in his briefing he never did so. (Doc. 15, ¶¶ 4-5)

Title VII clearly requires, as part of its fundamental scheme, that a plaintiff comply with its pre-litigation requirements as a prerequisite to federal court litigation. 42 U.S.C. § 2000e-5(e). One of Title VII's prerequisites (in non-deferral states)[1] is the filing of a written charge with the EEOC, allowing it up to 180 days to negotiate a settlement and, if no settlement is achieved, obtaining a "right-to-sue" letter from the EEOC. 42 U.S.C. 2000e-5(f)(1); see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973). Moreover, the written charge must be verified, a requirement that is strictly enforced. Balazs v. Liebenthal, 32 F.3d 151, 156-57 (4th Cir. 1994). These requirements are part and

---

[1] North Carolina is a deferral state only for certain state and governmental employees. N.C. Gen. Stat. § 7A-759(a) (2007). Public school employees are excluded from the deferral mechanism. N.C. Gen. Stat. § 126-5(c2). Thus, Plaintiff's remedy, if any, lay initially with the EEOC. 42 U.S.C. § 2000e-5(e)(1).

4

parcel of Title VII's scheme to encourage conciliation before litigation.

While Defendants have moved to dismiss under Rule 12(b)(6), this circuit treats failure to exhaust the EEOC administrative remedies as an issue of subject matter jurisdiction. Thus, "where '[n]either the complaint nor the amended complaint alleges' that the plaintiff has 'complied with these prerequisites,' the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995)((quoting United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979)); Rorie v. Guilford County Schs., No. 1:06cv00528, 2007 WL 1385655, at *2-3 (M.D.N.C. May 8, 2007).[2] Plaintiff's admitted failure to file a written, verified charge with the EEOC is a fatal error that prevents the court from

---

[2] Other circuits follow this same jurisdictional rule. See, e.g., Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1325 (10th Cir. 2002); Bullard v. Sercon Corp., 846 F.2d 463, 468 (7th Cir. 1988). The court need not determine whether the Supreme Court's decision in Arbaugh v. Y&H Corp., 546 U.S. 500, 511, 515 (2006)(holding that subject matter jurisdiction arose from 28 U.S.C. § 1331 and "Title VII's jurisdiction provision, 42 U.S.C. § 2000e-5(f)(3)," and not from section 2000e-2(a)(1)'s provision limiting suits to employers of 15 or more), alters the jurisdictional rule of this circuit articulated in Davis and followed by the other circuits. See Brooks v. Vassar, 462 F.3d 341, 360 (4th Cir. 2006) (holding that court should not ignore circuit precedent that directly controls, absent a clear direction by the Supreme Court to do so). For even if Plaintiff's failure to comply with Title VII's exhaustion of remedies requirements were not a jurisdictional bar, the result would be the same here, requiring dismissal of his claims nevertheless. Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. __, 127 S.Ct. 2162, 2166-67 (2007)(noting a Title VII plaintiff may not challenge action in court if a grievance with the EEOC is not filed within 180 days of the alleged unlawful practice); Jenkins v. Trustees of Sandhills Cmty. Coll., 259 F. Supp. 2d 432 (M.D.N.C. 2003) (holding plaintiff lacked standing under Title VII for failure to file EEOC charge); see also Sloop v. Mem. Mission Hosp., Inc., 198 F.3d 147, 149 (4th Cir. 1999).

considering his Title VII claim against all Defendants (even assuming, without deciding, each Defendant could properly be made a part of this action). Plaintiff's Title VII claim against all Defendants is therefore DISMISSED, WITH PREJUDICE.

**B. Plaintiff's "First Amendment" Claim Based on Freedom of Speech**

Plaintiff claims he was terminated because "the Defendant after reading the Plaintiff's webpage singled out several phrases from the page to use as grounds for the Plaintiff's termination in violation of the Plaintiff's 1st Amendment right to freedom of speech." (Doc. 2, ¶ 10) Without identifying the nature of the alleged phrases, Plaintiff further alleges "Defendant allows similar phrases to be displayed on school property and on school sponsored webpages as well." (Doc. 2, ¶ 11) Defendants state in their brief that Plaintiff was terminated because he directed students of the Davie schools to his webpage which contained comments related to "adult," "perverse," "profane" and "sexually explicit" themes, and argue that such are not a matter of public concern. (Doc. 11, at 5) Plaintiff denies any material was "sexually explicit" but otherwise does not articulate his alleged protected speech. (Doc. 25, at 2)

Plaintiff's Complaint seeks recovery for exercise of his speech rights by citing solely to the First Amendment. Courts are discouraged from creating a federal remedy for alleged constitutional deprivations, however, where Congress has already

6

done so.  See Bush v. Lucas, 462 U.S. 367, 388-90 (1983) (declining to find an implied, non-statutory cause of action for damages for federal employee who suffered adverse employment action allegedly in violation of First Amendment, because Congress had provided a statutory remedial scheme); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006) (acknowledging Supreme Court's reluctance to extend federal common law to First Amendment actions).  Congress has created a structure under 42 U.S.C. § 1983 for remedying alleged constitutional violations.  Hughes v. Bedsole, 48 F.3d 1376, 1383 n.6 (4th Cir. 1995)(declining to consider Fourteenth Amendment claim because it merges into section 1983, which creates statutory remedy for deprivation of constitutional right).  Thus, Plaintiff's recourse, if any, must reside therein.

Even if the court construes the Complaint as attempting to allege a speech claim under section 1983, however, Plaintiff's claim remains deficient.  The First Amendment does not protect all speech by public employees.  Love-Lane v. Martin, 355 F.3d 766, 775-776 (4th Cir. 2004) (citing Pickering v. Bd. of Educ., 391 U.S. 563, 573 (1968)(setting forth three-part balancing test)).  Section 1983 protects only public employees who exercise their First Amendment right to speak out on "matters of public concern," which is a threshold test.  Id.; Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 351-52 (4th Cir. 2000).  "Speech involves

7

a matter of public concern when it involves an issue of social, political, or other interest to a community." Urofsky v. Gilmore, 216 F.3d 401, 406-07 (4th Cir. 2000) (citing Connick v. Myers, 461 U.S. 138, 142 (1983)). Not all speech on a matter of public concern qualifies for First Amendment protection, either. McVey v. Stacey, 157 F.3d 271, 277 (4th Cir. 1998). Sexually explicit speech, such as that argued by Defendants to be involved here, is generally not a matter of public concern so as to provide a basis for a section 1983 claim. See, e.g., City of San Diego v. Roe, 543 U.S. 77, 79 (2004) (holding off-duty policeman's production, marketing and selling of sexually explicit videos for profit did not qualify as expression relating to a matter of public concern). Speech on purely personal matters in which the public is not likely to be truly concerned, moreover, even if not profane, is simply not protected under section 1983. Stroman v. Colleton County Sch. Dist., 981 F.2d 152, 156 (4th Cir. 1992) ("Personal grievances, complaints about conditions of employment, or expressions about other matters of personal interest do not constitute speech about matters of public concern that are protected by the First Amendment, but are matters more immediately concerned with the self-interest of the speaker as employee."); Berger v. Battaglia, 779 F.2d 992, 999 (4th Cir. 1985).

Though Defendants offer examples of Plaintiff's alleged speech and argue that it is not protected, the focus under Rule 12(b)(6)

8

is on Plaintiff's pleading.  Plaintiff has failed to allege, either in his Complaint or his Motion to Amend the Complaint, that he engaged in speech protected as a matter of public concern, nor does he provide even a scintilla of factual allegation as to the alleged speech from which this court could so infer.  In fact, Plaintiff does not even claim that it was *he* who engaged in the speech, whatever it was, but refers only to information on his webpage. See Love-Lane, 355 F.3d at 776.  While a *pro se* plaintiff is entitled some liberality in pleading, a complaint must, directly or indirectly, allege more to satisfy each element of some actionable theory.  Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.), cert. denied, 540 U.S. 940 (2003); Locklear v. Person County Bd. of Educ., No. 1:05-CV-00255, 2006 WL 1743460, at *9 (M.D.N.C. June 22, 2006) (finding that in order to survive a motion to dismiss, in a claim for First Amendment retaliation under section 1983, plaintiff must allege that (1) the speech at issue relates to a matter of public concern and is protected; (2) the employee's interest in First Amendment expression must outweigh the employer's interest in the efficient operation of the workplace; (3) the employee was retaliated against in some fashion; and (4) protected expression was a substantial factor in the decision to take the allegedly retaliatory action).  Because of these pleading defects, Defendants' Motion to Dismiss will be GRANTED, WITHOUT

9

PREJUDICE, as to Defendants Lane, Poplin and Davie County Board of Education.

Plaintiff has specifically limited his religion-based claim to Title VII and his First Amendment claim to one based on "freedom of speech." (Doc. 2, ¶¶ 9, 10)  While the parties have briefed whether the Complaint alleges facts that support a claim for protected speech under section 1983 (and the court has ruled on that claim), they have not addressed whether the Complaint states a factual predicate for a religion-based termination or deprivation of a constitutional right outside the confines of the barred Title VII claim.  The court is mindful of the admonition that in civil rights actions it "'must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged.*'" Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999)(quoting Harrison v. United States Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988)).  This is especially true in *pro se* cases.  Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

Even evaluating the Complaint in this light, a religion-based claim under section 1983 fails at this time for reasons that apply equally to Plaintiff's speech claim. For example, the Complaint fails to allege that any municipal Defendant acted under color of state law pursuant to an official policy or custom fairly

10

attributable to the municipality which proximately caused the alleged deprivation of right. Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994); Barbier v. Durham County Bd. of Educ., 225 F. Supp. 2d 617, 630 (M.D.N.C. 2002). The vague and sparsely worded Complaint also fails in its allegations for a claim against the individual Defendants in either their personal or official capacities. The Complaint's request for reinstatement and compensatory damages only, combined with its multiple references to "the defendant," suggests that the individual Defendants were being sued in their representative capacities only. Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995). The real parties in interest in a suit against the individual Defendants in their representative capacities are the municipal Defendants, Kentucky v. Graham, 473 U.S. 159, 166 (1985), thus the Complaint suffers from the same defects. Jordan, 15 F.3d at 338. Nor does the Complaint support an allegation against the individual Defendants in their personal capacities because it fails to allege any individual Defendants acted personally in the decision to terminate Plaintiff, the Complaint alleging rather that the termination was contained in a letter "issued by the Defendant" [sic] which was presented to Plaintiff in a meeting which Poplin attended. (Doc. 2, ¶ 6) Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("[i]n order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in

11

the deprivation of the plaintiff's rights'"). Thus, even reading into the Complaint a possible section 1983 claim based on religion grounds, the Complaint, in its present form, suffers from fundamental defects. In deference to Plaintiff's *pro se* status, any claim under section 1983 based on religion grounds is therefore DISMISSED, WITHOUT PREJUDICE.

Defendants argue, and Plaintiff does not deny in his briefing, however, that the Defendant "Davie County Public Schools" is not a legal entity capable of being sued in this case. N.C. Gen. Stat. § 115C-40. Therefore, all remaining claims against Defendant "Davie County Public Schools" will be DISMISSED, WITH PREJUDICE.

### C. Plaintiff's Motion to Amend

Plaintiff moves to amend his Complaint, not to cure his pleading defects, but rather to add a claim under "U.S.C. 103-160." In support of this proposed amendment, Plaintiff points to Defendants' Motion to Dismiss, which Plaintiff argues reveals that he was dismissed because of his wife's bisexuality. (Doc. 12) Plaintiff seeks $100,000 in damages for himself and his non-party wife. Id. While Rule 15(a), Fed. R. Civ. P., advises that leave to amend should be freely given "when justice so requires," leave should be denied if the amendment would be futile. Edwards, 178 F.3d at 242.

It appears that the incomplete statute to which Plaintiff refers is P.L. 103-160, the National Defense Authorization Act for

12

Fiscal Year 1994, 107 Stat. 1547 (1993), also known as the United States military's "don't ask, don't tell" policy. This statute allows a member of the armed forces to be separated from the armed forces if "the member has stated that he or she is a homosexual or bisexual." 10 U.S.C. § 654(b)(2) (2006). By its clear terms the statute applies only to members of the United States armed forces, not to public school bus drivers. See Thomasson v. Perry, 80 F.3d 915, 928 (4th Cir. 1996).

Furthermore, Plaintiff's Motion to Amend does not present additional facts that create a cognizable claim under either Title VII or 42 U.S.C. § 1983. Plaintiff's admitted failure to timely file a charge with the EEOC bars any Title VII claim, and any discrimination on the basis of sexual orientation is not actionable under Title VII. Hopkins v. Baltimore Gas & Elec. Co., 77 F.3d 745, 751-52 (4th Cir. 1996) (bisexuality orientation not protected under Title VII). Statements on Plaintiff's webpage concerning his wife's sexual orientation, even if true, would not constitute a matter of public concern under section 1983. City of San Diego, 543 U.S. at 79; Love-Lane, 355 F.3d at 776. Plaintiff's Motion to Amend fails to cure the defects in his Complaint, and it is therefore DENIED.

**III. CONCLUSION**

For the reasons set forth herein, IT IS ORDERED and ADJUDGED that Plaintiff's Title VII claim is DISMISSED WITH PREJUDICE;

13

Plaintiff's "First Amendment" claim is DISMISSED WITH PREJUDICE as against Defendant "Davie County Public Schools," and WITHOUT PREJUDICE as to all other Defendants; and Plaintiff's Motion to Amend to add a claim under "U.S.C. 103-160" is DENIED.

                                                /s/ Thomas D. Schroeder
                                                United States District Judge

Dated: April 7, 2008